Filed: 8/22/11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAYETTE B. EATON,                          Civ. No. 10-789-AA

    Plaintiff,                         OPINION AND ORDER

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Laurie B. Mapes
P.O. Box 1241
Scappoose, OR 97056
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington  98104-7075
    Attorneys for defendant

1    - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

## BACKGROUND

On October 4, 2004 and January 27, 2005, plaintiff filed applications for DIB and SSI, respectively. Tr. 83-87, 657-60. Her applications were denied initially and on reconsideration. Tr. 49-65. After timely requesting a hearing, plaintiff and a vocational expert appeared and testified before an administrative law judge (ALJ) on February 14, 2008. Tr. 668-704. On April 8, 2008, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 8-24. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 3-6. Plaintiff now seeks judicial review.

Plaintiff was thirty-eight years old at the time of the ALJ's decision. Tr. 22. Plaintiff has a limited education and past relevant work as a bus driver, cashier, bartender, secretary, van driver, and waitress. Tr. 22. She alleges disability since

2    - OPINION AND ORDER

September 1, 2005 due to various physical and mental impairments. Tr. 672.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

3    - OPINION AND ORDER

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 13; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff has impairments of coronary heart disease, chronic neck pain post-cervical laminectomy, degenerative disc disease, seizures of unclear etiology, obesity, a dysthymic disorder, and a history of amphetamine abuse which in combination are severe, but that these impairments did not meet or equal any listed impairment that the Commissioner acknowledges as disabling under the Act. Tr. 14-18; 20 C.F.R. §§ 404.1520(c) and (d), 416.920(c) and (d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform simple, sedentary work with one or two step instructions and no high intensity concentration, with only occasional reaching, crawling, or climbing. Tr. 18-22; 20 C.F.R. §§ 404.1520(e), 416.920(e). Based on these findings, the ALJ found that plaintiff could not perform her past relevant work. Tr. 22; 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the

4    - OPINION AND ORDER

burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able to perform other work as an information clerk and check cashier. Tr. 23. Therefore, the ALJ found that plaintiff was not disabled under the Act.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff argues that the ALJ erred in finding her not disabled at step three, because her impairments meet or equal listing 12.05, given plaintiff's performance IQ score of 68 and full-scale IQ of 69, her longtime deficits in adaptive functioning, and her additional impairments of coronary disease and obesity. I need not address this argument, however, because I agree with plaintiff's additional arguments that the ALJ erred in discounting the opinion of a treating physician and plaintiff's subjective complaints.

Plaintiff's treating physician twice rendered the opinion that plaintiff was incapable of performing full-time work due to the combination of her various and chronic health problems, including neck and back pain, heart disease, seizures, and anxiety. Tr. 202, 318. Dr. Losli has treated plaintiff for over twenty years, and the record contains numerous treatment records documenting

plaintiff's most recent visits. Tr. 284-339. The ALJ discounted Dr. Losli's opinion, finding it inconsistent with the "largely normal" findings of plaintiff's cardiologists and based merely on plaintiff's "attendance history" rather than objective, medical findings. Tr. 21.

The relative weight given to medical source opinions depends on the opportunity for the provider to observe and know the patient. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Accordingly, the opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id. Further, the medical opinion of a claimant's treating physician is entitled to "special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Rodriguez v. Bowen, 876 F.2d 759, 761 (9th Cir. 1989) (citation omitted); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). Thus, an ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontradicted opinion of a treating physician. If contradicted, the ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting a treating physician's opinion. See Lester, 81 F. 3d at 830; see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995).

I find that the ALJ did not provide legally sufficient reasons

6    - OPINION AND ORDER

to discount the opinion of Dr. Losli. As plaintiff notes, her cardiologists did not render any opinions inconsistent or contrary to Dr. Losli's opinion regarding plaintiff's ability to perform full-time work as a result of the combined effect of her health issues. Further, Dr. Losli treated plaintiff's coronary-related complaints prior to and after her cardiac procedures, managed her heart medications, and treated plaintiff on numerous occasions for a myriad of complaints. Tr. 218-339. Thus, I agree with plaintiff that the "record before the ALJ reflected Dr. Losli's substantial familiarity with Plaintiff, his multitude of observations and chart notes, his possession of reports of neurosurgeons and cardiologists, and his long-term service to Plaintiff." Pl.'s Opening Brief, p. 24. The record does not reflect an opinion lacking in objective medical basis.

Plaintiff also testified that she could not sustain full-time work due to the combined effects of her health issues. Tr. 678-80, 682, 685-87. The ALJ discredited her testimony because she was not compliant with medical advice to lose weight, exercise, and stop smoking, and the record did not document her complaints of fatigue. Tr. 19-20. The ALJ also found that plaintiff's activities - such as swimming thrice weekly, one occasion of "rolling baled hay" and preparing meals and driving - and her sporadic work history reduced her credibility. Tr. 20-21.

The Ninth Circuit employs two-stage analysis to assess a

7    - OPINION AND ORDER

claimant's subjective complaints of pain, fatigue, and the like. See, e.g., Lingenfelter v. Astrue, 504 F.3d 1028, 1035-1036 (9th Cir. 2007); Smolen, 80 F.3d at 1281. Initially, a claimant "must produce objective medical evidence of an impairment or impairments" and "show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." Smolen, 80 F.3d at 1282. If the claimant does so, the ALJ may not reject the alleged severity of the symptoms without specific findings supported by clear and convincing evidence of record. Id. at 1281, 1284.

In making such findings, the ALJ must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. Smolen, 80 F.3d at 1284. Additionally, the ALJ may employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements by the claimant. Id.

Here, the record contains objective evidence of impairments that could reasonably be found to cause the symptoms alleged by plaintiff. Thus, the ALJ was required to provide clear and

8    - OPINION AND ORDER

convincing reasons to reject plaintiff's complaints. However, contrary to the ALJ's findings, the record reflects that plaintiff complained of chest pain, fatigue, dizziness, and insomnia on numerous occasions. Tr. 212, 215, 218, 246, 288-89, 294, 296, 311-12, 330. Further, the record reflects plaintiff's attempts to stop smoking, and at the time of the hearing she had not smoked for several months. Tr. 213, 215, 226-27, 693. While the ALJ noted that plaintiff swam three times a week and concluded that plaintiff must have more stamina than she asserts, plaintiff did so at the recommendation of her physician, and compliance with treatment generally enhances rather than detracts from credibility. Tr. 216, 247.

Further, the record does not reflect daily activities inconsistent with plaintiff's complaints. Though plaintiff occasionally drives and cooks meals, these activities do not indicate an ability to sustain full-time work and do not detract from her credibility. Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) (claimant's ability to shop, walk an hour, socialize and swim did not "detract from her credibility as to her overall disability"). The Act does not require that claimants be "utterly incapacitated" to be eligible for benefits, because "many home activities are not transferable to a work environment where it might be impossible to rest periodically or take medication." Smolen, 80 F.3d at 1284, n.7; Fair v. Bowen, 885 F.2d 597, 603 (9th

9    - OPINION AND ORDER

Cir. 1989). Similarly, the fact that plaintiff has never engaged in full-time work activity does not detract from her credibility absent evidence that plaintiff is actually capable of working full-time. See Lingenfelter, 504 F.3d at 1036-37.

Finally, plaintiff's testimony is supported by the statement of her part-time employer, who employs plaintiff under a very flexible schedule that averages sixteen hours per week. Tr. 92. He asserts that "within her physical limitations, [plaintiff] is very accommodating and seems motivated to contribute to the work effort as needed." Tr. 92. However, her employer notes that plaintiff "requires many days off due to various health concerns" and "is absent or late for more than 50 percent of her designated office dates." Tr. 92. He observes plaintiff appearing "taxed and tired, sometimes near exhaustion, especially late in her day. Occasionally, she exhibits mild disorientation or confusion." Tr. 92. While plaintiff's employer has considered terminating her employment, he manages to "get by" and considers plaintiff's "positive attitude [to be] a valuable asset to the office." Tr. 92. Thus, plaintiff's complaints are supported by her treating physician and her current employer.

In sum, I find that the ALJ erred in rejecting Dr. Losli's opinion and plaintiff's testimony. Further, if Dr. Losli's opinion and plaintiff's testimony are credited, no outstanding issues remain and an award of benefits is appropriate. Tr. 700; Vasquez

10   - OPINION AND ORDER

v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009).

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

IT IS SO ORDERED.

Dated this 11th day of August, 2011.

                    /s/ Ann Aiken
                       Ann Aiken
            United States District Judge